UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
WINDWARD BORA LLC,                                    :
                         Plaintiff,           :
                                               :
         -against-                             :             <u>REPORT AND</u>
                                                 :            <u>RECOMMENDATION</u>
IRA THOMAS and NEW YORK CITY                          :
ENVIRONMENTAL CONTROL BOARD,                          :       20-CV-5320 (DG)(MMH)
                                                 :
                         Defendants.          :
                                                 :
-----------------------------------------------------------------------x

**MARCIA M. HENRY**, United States Magistrate Judge:

       Plaintiff Windward Bora LLC ("Windward" or "Plaintiff") initiated this diversity action

on November 3, 2020, against Defendants Ira Thomas and the New York City Environmental

Control Board ("ECB"), pursuant to New York Real Property Actions and Proceedings Law

("RPAPL") § 1301 *et seq.*, seeking to foreclose on a mortgage encumbering the residential

property located at 146-35 182nd Street, Springfield Gardens, New York 11413 (the "Property").

(*See generally* Compl., ECF No. 1).[1]  Before the Court is Plaintiff's motion for default judgment

of foreclosure and sale.  (*See generally* Notice of Mot., ECF No. 18.)  The Honorable Diane

Gujarati referred the motion for report and recommendation.  For the reasons set forth below, the

Court respectfully recommends that Plaintiff's motion should be **granted**.  The Court further

respectfully recommends entry of the Amended Proposed Judgment, attached hereto.

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the
ECF header unless otherwise noted.

## I.  BACKGROUND

### A.  Factual Allegations[2]

On November 15, 2005, Thomas, a resident of New York, executed and delivered a mortgage (the "Mortgage") on the Property to Aames Funding Corporation d/b/a Ames Home Loan ("Aames") for $86,000 plus interest.[3]  (Compl. ¶ 8; Compl. Ex. B, ECF No. 1-1 at 3–12.)  On the same date, Thomas executed and delivered a promissory note ("the Note") secured by the Mortgage in the amount of $86,000 plus interest to Aames.[4]  (Compl. ¶ 9; Compl. Ex. C, ECF No. 1-1 at 13–18.)  The Queens County Clerk's Office recorded the Mortgage with City Register File Number ("CRFN") 2005000703627 on December 22, 2005.  (Compl. ¶ 8; Compl. Ex. B, ECF No. 1-1 at 4–5.)

As a result of several assignments, Plaintiff claims to be in physical possession of and the owner and holder of the Note and Mortgage.  (*See* Compl. ¶ 12.)  Specifically, Aames assigned the Mortgage to American Servicing and Recovery Group, LLC ("American Servicing") on

---

[2] The Court relies on the Complaint (ECF No. 1) and Plaintiff's submissions on the motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015) (explaining that courts may "enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true" and that a plaintiff "is entitled to all reasonable inferences").  The Complaint includes seven attachments (ECF Nos. 1-1 and 1-2).  The Motion includes attorney Alan H. Weinreb's Declaration of Regularity in Support of Default Judgment of Foreclosure and Sale (ECF No. 18-1) ("Weinreb Decl.") and the declaration's three exhibits (ECFs Nos. 18-4 to 18-6) ("Weinreb Decl. Ex. ___, ECF No. ___"); a memorandum of law (ECF No. 18-2) ("Pl. Mem."); a Proposed Judgment of Foreclosure and Sale (ECF No. 18-3) ("Proposed Judgmt."); and an Affidavit of Service (ECF No. 18-7).  Plaintiff also submitted a letter from attorney Weinreb (ECF No. 22) ("Weinreb Ltr.") and its two exhibits (ECF Nos. 22-1 and 22-2) ("Weinreb Ltr. Ex. ___, ECF No. ___").

[3] The Property is identified on the Queens County Tax Map as Block: 13356, Lot 14 in the County of Queens and State of New York.  (Compl. at 1 ¶ 1.)

[4] The Complaint states $**856**,000.00 as the amount of the Note, but the attached Note lists the amount as $**86**,000.00.  (*Compare* Compl. ¶ 9 *with* Compl. Ex. C, ECF No. 1-1 at 14 ¶ 1.) The Court believes the former amount is a typo and relies instead on the amount stated in the exhibit.

November 23, 2005, but the assignment was not recorded until November 28, 2011. (*Id.* ¶ 10; Compl. Ex. D, ECF No. 1-1 at 20–23.) American Servicing assigned the mortgage to DBI/ASG Mortgage Holdings ("DBI"), a Delaware LLC, on June 7, 2017; the assignment was recorded on June 9, 2017. (Compl. ¶ 10; Compl. Ex. D, ECF No. 1-1 at 24–26.) On October 2, 2017, DBI assigned the mortgage to Plaintiff, a single member LLC whose sole member is a citizen of Morocco and a permanent resident of Florida. (Compl. ¶¶ 2, 10; Compl. Ex. D, ECF No. 1-1 at 27–31.) This assignment was recorded on December 1, 2017. (Compl. Ex. D, ECF No. 1-1 at 27.)[5]

On November 14, 2018, Plaintiff and Thomas modified the terms of the Note and Mortgage pursuant to a Modification Agreement. (Weinreb Decl. Ex. C, ECF No. 18-6 at 3 n.1, 5–18.) Under the terms of the Modification Agreement, the amended total principal balance due was $189,631.93, including the then-outstanding principal balance on the Note and Mortgage and all unpaid and deferred interest, fees, escrow advances, and other costs, but excluding unpaid late charges and any prior mortgage payments. (Weinreb Decl. Ex. C, ECF No. 18-6 at 8 ¶ 3B.) An amended interest rate of 9% applied to part of the amended total outstanding principal balance. (*Id.* at 8 ¶ 3C.)

Plaintiff alleges that Thomas failed to make monthly payments on the Mortgage due on March 1, 2020 and thereafter, in violation of the terms of the Mortgage. (Compl. ¶ 13.) On June 25, 2020, Plaintiff sent Thomas a Notice of Default and warned him that unless he paid his outstanding balance, the principal would become due with interest. (*Id.* ¶ 14; Compl. Ex. E, ECF No. 1-1 at 33–35.) On the same date, Plaintiff served Thomas with a 90-day notice pursuant to

---

[5] The Complaint states that the assignment was recorded on November 30, 2017, but the accompanying exhibit lists a recording date of December 1, 2017. (*Compare* Compl. ¶ 10(c) *with* Compl. Ex. D, ECF No. 1-1 at 27.) The Court believes the former date is a typo and relies instead on the date stated in the exhibit.

RPAPL § 1304(1).  (Compl. ¶ 14; Compl. Ex. E, ECF No. 1-1 at 36–40.)  Thomas did not respond to either notice.  (Compl. ¶ 17.)

Plaintiff alleges that as of July 27, 2021, Defendant owes $199,698.01 which includes: (a) the unpaid principal amount due under the Note, as amended by the Modification Agreement; (b) accrued and unpaid interest; (c) late charges; (d) attorney's fees; and (e) costs.  (*See id.* ¶ 18; Weinreb Decl., ECF No. 18-1 ¶ 5; Weinreb Decl. Ex. C, ECF 18-6 ¶¶ 5–8.)

ECB is a judgment creditor against the mortgage because it has filed Environmental Control Board violations against the Thomas and/or the Property.  (Compl. ¶ 4.)

**B.  Procedural History**

Plaintiff initiated the lawsuit on November 3, 2020.  (*See generally* Compl., ECF No. 1.)  Thomas and the ECB were served with the summons and Complaint.  (Returns of Service, ECF Nos. 11, 12.)  After Defendants failed to answer or otherwise appear in this action, the Clerk of Court entered a certificate of default against them.  (Entry of Default, ECF No. 17.)

Plaintiff moved for default judgment on September 21, 2021, specifically requesting: (i) a default judgment of foreclosure and sale against Thomas; (ii) damages of $199,698.01 (consisting of $187,741.15 in unpaid principal and $11,956.86 in interest through July 27, 2021); and (iii) the appointment of a referee to sell the Property.  (Weinreb Decl., ECF No. 18-1 at 2–3.)  Judge Gujarati referred the Motion for report and recommendation.  (Sept. 22, 2021 Order Referring Mot.)  On October 15, 2021, the Court scheduled a hearing and issued a notice to Defendants to appear.  (Order, ECF No. 19.)  Pursuant to the Court's Order, Plaintiff filed proof of service of the Notice.  (ECF No. 20.)

At the hearing on December 14, 2021, counsel for Plaintiff appeared; neither Defendant nor their respective counsel appeared.[6] (Dec. 14, 2021 Min. Entry & Order.) At the Court's direction, Plaintiff filed supplemental materials: "(1) copies of the notices provided to Thomas pursuant to RPAPL § 1303; and (2) a revised affidavit of Yonel Devico, Winward's sole member." (*Id.*; Weinreb Ltr., ECF No. 22.)

## II. STANDARD FOR DEFAULT JUDGMENT

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process to obtain a default judgment. Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y. Mar. 9, 2021). *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (internal quotation and citation omitted); *Div. 1181 Amalgamated Transit Union—New York Emps. Pension*

---

[6] Counsel for ECB filed a notice of appearance on February 18, 2021. (ECF No. 15.) However, counsel did not appear at the hearing and has not otherwise participated in the litigation.

*Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 606 (E.D.N.Y. 2017). "It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997) (citation omitted). The Court must draw all reasonable inferences in favor of the movant. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (internal quotations and citation omitted). It remains the court's "'responsibility to ensure that the factual allegations [in the plaintiff's pleadings], accepted as true, provide a proper basis for liability and relief.'" *J & J Sports Prod., Inc. v. McAdam*, No. 14-CV-05461 (PKC)(CLP), 2015 WL 8483362, at *2 (E.D.N.Y. Dec. 9, 2015) (alteration in original) (quoting *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010)).

## III.   **JURISDICTION**

### A.   **Service of Process**

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). "For a federal court to exercise personal jurisdiction over a defendant, the plaintiff's service of process upon the defendant must have been procedurally proper." *Windward Bora, LLC v. Valencia*, No. 19-CV-4147 (NGG)(RER), 2020 WL 6470293, at *2 (E.D.N.Y. Oct. 16, 2020), *adopted by* 2020 WL 6450286 (E.D.N.Y. Nov. 3, 2020) (quotation marks and citations omitted); *see Sik Gaek, Inc. v. Yogi's II, Inc.*, 682 F. App'x 52, 54 (2d Cir. 2017) (summary order) ("Among other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the nonappearing party was effectively served

with process." (citing 10A Charles Alan Wright et al., *Fed. Prac. & Proc.* § 2682 (4th ed. 2008))). Federal Rule of Civil Procedure 4 sets forth the procedures for service of process to establish jurisdiction over a defendant. Fed. R. Civ. P. 4(e). Plaintiff has complied with the necessary procedures as to both Defendants.

### 1. *Service on Thomas*

An individual within a judicial district of the United States may be served by: (1) "delivering a copy of the summons and of the complaint to the individual personally" or (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A)–(B). A defendant also may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New York law "authorizes personal service on an individual 'by delivering the summons within the state to a person of suitable age and discretion at the . . . dwelling place or usual place of abode of the person to be served . . . .'" and, "[w]ithin twenty days of this delivery, the serving party must also mail the summons to the last known residence of the party to be served." *Makhnevich v. Bougopoulos*, No. 18-CV-285 (KAM)(VMS), 2022 WL 939409, at *10 (E.D.N.Y. Mar. 29, 2022) (quoting N.Y. C.P.L.R. § 308(2)). The "proof of service shall identify such person of suitable age and discretion and state the date, time[,] and place of service . . . ." N.Y. C.P.L.R. § 308(2). "In New York, a process server's sworn statement of service creates a presumption that service has been effectuated in the manner described in the affidavit of service which may be overcome by a sworn denial of receipt of service which *specifically rebuts* the statements in the process server's affidavits." *Makhnevich*, 2022 WL 939409, at *10 (quotation omitted).

Here, Plaintiff filed two affidavits of service from the same process server to demonstrate proper service on Thomas. (Return of Service, ECF No. 11.) The affidavits show that: (1) a copy of the Complaint and the Summons was delivered to "a person of suitable age and discretion" at Thomas's place of residence in Brooklyn, New York on November 21, 2020, at approximately 1:23 p.m.; (2) that person was "John Doe," a black male of approximately 36 years of age who was a co-tenant; and (3) a copy of the Complaint and the Summons was mailed to Thomas's place of residence on December 1, 2020, well within 20 days of the delivery to Thomas's dwelling or usual place of abode. (*Id.* at 2.)[7] Further, because Thomas has not appeared in this case, he "has failed to come forward with admissible evidence that specifically rebuts the statements in the process server's affidavit." *Makhnevich*, 2022 WL 939409, at *10 (quotation omitted). Accordingly, Plaintiff properly effected service on Thomas.

### 2. Service on ECB

A state, municipal corporation, or any other state-created governmental organization may be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(A)–(B). In New York, service "upon the city of New York" must be made "to the corporation counsel or to any other person designated to receive process in a writing filed in the office of the clerk of New York county." N.Y. C.P.L.R. § 311(a)(2).

Here, Plaintiff named the ECB as a defendant which, to the extent it is a New York City agency, is not a suable entity. *See* N.Y.C. Charter § 396 ("All actions . . . shall be brought in the

---

[7] The affidavits attach a Certificate of Mailing from the United States Postal Service to the same address where the Complaint was served. (Return of Service, ECF No. 11 at 2, 3.)

name of the city of New York and not in that of any agency, except where otherwise provided by law."). Nevertheless, "when claims are brought against non-suable entities, the court may construe them as brought against the City of New York." *Avail 1 LLC v. Latief*, No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *3 n.2 (E.D.N.Y. Aug. 14, 2020), *adopted by* 2020 WL 5633099 (E.D.N.Y. Sept. 21, 2020) (quotation marks and citation omitted). Thus, Plaintiff's claims against the ECB are construed as against the City of New York. Plaintiff submits an affidavit of service showing proper service on the City of New York by delivery to an agent authorized to accept service on November 10, 2020. (Return of Service, ECF No. 12.) Accordingly, Plaintiff properly effected service on the City of New York. *See* Fed. R. Civ. P. 4(j)(2); *see also* N.Y. C.P.L.R. § 311(a)(2).

**B.    Subject Matter Jurisdiction**

*1.    Diversity Jurisdiction*

Plaintiff asserts this court's diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. (Compl. ¶ 6.) Federal courts have subject matter jurisdiction over state law claims when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see Windward Bora, LLC v. Ortiz*, No. 21-CV-04154 (MKB)(JMW), 2022 WL 3648622, at *3 (E.D.N.Y. July 5, 2022), *adopted by* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022) (citing *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012)). The citizenship of an LLC for diversity purposes is the citizenship of each of its members. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016).

Here, the parties are diverse. At the time the Complaint was filed, Plaintiff was a limited liability company whose sole member, Yonel Devico, was a citizen of the Kingdom of Morocco, a lawful permanent resident of the United States, and was domiciled in Florida. *See* 28 U.S.C.

§ 1332(a)(2) (providing for jurisdiction over disputes between "citizens of a State and citizens or subjects of a foreign state"); *Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG)(RML), 2020 WL 1242828, at *1 (E.D.N.Y. Feb. 26, 2020), *adopted by* 2020 WL 1242828 (E.D.N.Y. Mar. 16, 2020) (finding that Windward properly pleaded diversity jurisdiction).[8] Further, Plaintiff asserts that the unpaid principal as of June 25, 2020, nearly five months before the action was filed, was $176,152.40. (Compl. ¶ 18.) This satisfies the amount in controversy. 28 U.S.C. § 1332(a).

For these reasons, Plaintiff satisfies the requirements for diversity jurisdiction.

### 2. *Standing*

Plaintiff further asserts standing to initiate this action based on its possession of the Note when the Complaint was filed. (Pl. Mem. at 5–7.) "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Christian*, No. 19-CV-427 (CBA)(RML), 2020 WL 3918566, at *2 (E.D.N.Y. Feb. 25, 2020), *adopted by* 2020 WL 3893015 (E.D.N.Y. July 10, 2020) (quoting *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015)). "Either a written assignment of the underlying note or the physical delivery of the note prior to commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Miss Jones LLC v. Brown* ("*Brown*"), No. 17-CV-898 (NGG)(VMS), 2020 U.S. Dist. LEXIS 148140, at *14 (E.D.N.Y. Aug. 14, 2020), *adopted by* 2020 U.S. Dist.

---

[8] Since the filing of the Complaint, Devico has become a naturalized United States citizen; this does not impact the Court's analysis as to his citizenship or Winward's. *See Winward Bora LLC v. Barrie*, No. 19-CV-7272 (EK)(MMH), 2022 WL 4485149, at *2 (E.D.N.Y. Sept. 27, 2022) (denying defendant's motion to dismiss for lack of subject matter jurisdiction and relying on Devico's naturalization certificate dated July 20, 2022 as proof "by a preponderance of the evidence that as of the date the Complaint was filed, Devico was a citizen of Morocco"); *id.* at *3 (finding that Windward is also a citizen of Morocco).

LEXIS 166633 (E.D.N.Y. Sept. 8, 2020) (quoting *U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (N.Y. App. Div. 2009)). The Note and Mortgage were assigned and delivered to Plaintiff before the commencement of this action, and Plaintiff asserts that it is the current holder and owner of the Note and Mortgage. (Compl. ¶¶ 10, 12; Compl. Ex. D, ECF No. 1-1 at 29–31.) Plaintiff therefore establishes standing to bring this action.

## IV.   **DEFAULT JUDGMENT FACTORS**

Courts use the same three-factor test used to set aside a default judgment to determine whether to grant a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Avail 1*, 2020 WL 5633869, at *4. Specifically, courts examine: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

As to the first factor of willfulness, a defendant's failure to answer a complaint and respond to a motion for default judgment is considered willful. *United States v. Ireland*, No. 15-CV-3397 (JS)(AYS), 2016 WL 5376248, at *4 (E.D.N.Y. Aug. 8, 2016), *adopted by* 2016 WL 5372801 (E.D.N.Y. Sept. 26, 2016); *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346 (DRH)(AKT), 2019 WL 1590931, at *6 (E.D.N.Y. Mar. 13, 2019), *adopted by* 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) ("When a defendant is continually and 'entirely unresponsive,' defendant's failure to respond is considered willful."). As noted above, Plaintiff properly served the Summons and Complaint on ECB on November 11, 2020, and on Thomas on December 1, 2020. (Returns of Service, ECF Nos. 11–12.) Despite being properly served, Defendants failed to answer or

otherwise respond to the Complaint. Thomas did not appear at all, and while ECB appeared, it has not otherwise participated in this litigation. Moreover, Defendants were also notified of the pending motion and failed to respond. (Order, ECF No. 19; Aff., ECF No. 20.) Defendants' conduct therefore demonstrates willfulness.

Second, without an answer to the complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *adopted by* 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021). As noted, Defendants have failed to answer or provide any defense to Plaintiff's claims. Accordingly, a default is warranted.

Third, Plaintiff will be prejudiced if the motion for default judgment is denied because it has "no alternative legal redress." *United States v. Myers*, 236 F. Supp. 3d 702, 708–09 (E.D.N.Y. 2017). In other words, "[w]ithout the entry of a default judgment, Plaintiff[] would be unable to recover for the claims adequately set forth in the Complaint." *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721 (MKB)(SJB), 2019 WL 312149, at *4 (E.D.N.Y. Jan. 3, 2019) (first alteration in original) (quoting *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-946 (JS)(AKT), 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015)). Based on the foregoing, entry of default judgment is permissible. The Court now turns to the issue of liability.

## V. <u>LIABILITY</u>

### A. Compliance with RPAPL § 1304

"It is not settled whether courts in this district must review compliance with § 1304 on motions for default judgment or whether it is strictly a defense that must be raised by a defendant." *Ortiz*, 2022 WL 3648622, at *6 (citing *Freedom Mortg. Corp. v. Powell*, No. 18-CV-4265

(ENV)(CLP), 2020 WL 4932145, at *3 (E.D.N.Y. Aug. 24, 2020)).  It is undisputed, however, that courts in this district routinely review compliance with RPAPL § 1304 when plaintiffs seek default judgments.  *See Ortiz*, 2022 WL 3648622 at *6; *Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664 (NGG)(SJB), 2022 WL 1407485, at *2–3 (E.D.N.Y. Mar. 11, 2022), *adopted by* 2022 WL 4445399 (E.D.N.Y. Sept. 23, 2022); *Windward Bora LLC v. Brito*, No. 19-CV-4073 (MKB)(ST), 2020 WL 7699950, at *4 (E.D.N.Y. Nov. 24, 2020), *adopted by* 2020 WL 7296859 (E.D.N.Y. Dec. 11, 2020); *OneWest Bank, N.A. v. Simon*, No. 14-CV-6622 (RJD), 2019 WL 1320275, at *11 (E.D.N.Y. Mar. 22, 2019) ("Compliance with Section 1304 is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition.") (citation and quotation marks omitted).  *But see Freedom Mortg. Corp. v. Phillip*, No. 19-CV-1215 (RJD)(LB), 2020 WL 9812917, at *4 (E.D.N.Y. Mar. 2, 2020), *adopted by* 2020 U.S. Dist. LEXIS 78363 (E.D.N.Y. Apr. 8, 2020) (finding that § 1304 requirements are not jurisdictional and that challenges to compliance with them must be raised by defendants).

Pursuant to RPAPL, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower."  RPAPL § 1304(1). The notice must conform to certain form, procedural, and substantive requirements, including sending "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage."  *Id.* § 1304(2); *see also Brown*, 2020 U.S. Dist. LEXIS 148140, at *15.

Plaintiff alleges that it has met the § 1304 requirements.  (Compl. ¶ 15.)  Plaintiff submits a notarized affidavit stating that the deponent mailed the required "90-day pre-foreclosure notice"

by certified mail and first-class mail to Thomas at the Property and at the last known address on June 25, 2020. (Compl. Ex. E, ECF No. 1-1 at 39.). A copy of the notice is also included with certified mail labels indicating two separate mailings for the two addresses. (*Id.* at 36–38.)[9] The record thus supports a finding that Plaintiff complied with § 1304.

### B. Compliance with RPAPL § 1306

RPAPL § 1306 provides that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three [business] days of [the] mailing of the [§ 1306 notice] . . . the information required by subdivision two of this section." *Brito*, 2020 WL 7699950, at *4 (quoting RPAPL § 1306(1)). In turn, Subdivision 2 mandates that the filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue." RPAPL § 1306(2). Plaintiff meets this requirement by filing a Proof of Filing Statement from the New York State Department of Financial Services dated June 25, 2020, the same date as the mailing of the 90-day notice. (Compl. Ex. E, ECF No. 1-1 at 40.)

### C. Claims against Thomas

"To foreclose on a mortgage, a plaintiff must demonstrate (1) the existence of a mortgage; (2) ownership of the mortgage; and (3) the defendant's default in payment of the loan." *Ortiz*, 2022 WL 3648622, at *6 (quoting *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656 (NGG)(CLP), 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015), *adopted by* 2015 WL 5706953

---

[9] The Notice of Default was sent pursuant to the Fair Debt Collection Practices Act. (Compl. Ex. E, ECF No. 1-1 at 33.) On its own, this is insufficient to meet the requirements for default notice under RPAPL § 1304. *See Windward Bora LLC v. Armstrong*, No. 18-CV-6355 (SJ)(SJB), 2021 WL 606713, at *6 (E.D.N.Y. Feb. 16, 2021) (explaining that failure to strictly comply with RPAPL § 1304 is a sufficient basis to deny foreclosure relief).

(E.D.N.Y. Sept. 28, 2015)). "If these elements are established, plaintiff gains a presumptive right to collect on the debt that can only be overcome by a meritorious affirmative defense." *CIT Bank, N.A. v. Tineo*, No. 17-CV-5119 (JBW), 2019 WL 6828360, at *3 (E.D.N.Y. Dec. 13, 2019) (citation omitted).

Plaintiff has offered sufficient evidence to establish a *prima facie* entitlement to a default judgment against Thomas. *First*, Plaintiff sufficiently pleads and submits proof of the Mortgage and Note executed between Thomas and Aames. (Compl. ¶¶ 8–9; Compl. Ex. B, ECF No. 1-1 at 3–12.) The Mortgage states that Thomas "will promptly pay . . . when due principal and interest under the Note and late charges as stated in the Note," thus establishing Thomas's obligations thereunder. (Compl. Ex. B, ECF No. 1-1 at 7 ¶ 1.)

*Second*, as noted, "Plaintiff has shown its ownership of the Mortgage by submitting evidence that the Mortgage was transferred, through assignment[.]" *Windward Bora LLC v. Baez*, No. 19-CV-5698 (PKC)(SMG), 2020 WL 4261130, at *3 (E.D.N.Y. July 24, 2020); *see also ARCPE Holding, LLC v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI)(RER), 2021 WL 8316275, at *3 (E.D.N.Y. Aug. 11, 2021) (accepting proof of assignments to establish ownership of the mortgage). Plaintiff sufficiently pleads the transfer of the Mortgage from Aames to American Servicing to DBI and finally to Plaintiff, and it supplies the assignments and recordings with the City Register. (Compl. ¶ 10; Compl. Ex. D, ECF No. 1-1 at 20–31.)

*Third*, Plaintiff establishes Thomas's default in payment of the loan. Under the Mortgage and Note, if Thomas fails to pay the full amount of each monthly payment on the due date, he will be in default and, after sufficient notice, could be required to pay immediately in full and the property could be sold. (Compl. Ex. B, ECF No. 1-1 at 10 ¶ 20 ("Lender's Rights if Borrower Fails to Keep Promises and Agreements"); Compl. Ex. C, ECF No. 1-1 at 15 ¶ 6 ("Borrower's

Failure to Pay as Required").)  The Modification Agreement further states that Thomas would be in default if he did not comply with the terms of the Mortgage and Note "as modified by this Agreement." (Weinreb Decl. Ex. C, ECF No. 18-6 at 8 ¶ 3D.)  Plaintiff alleges that Thomas failed to make the monthly payments due on March 1, 2020, and all payments since that date.  (*See* Compl. ¶ 13.)

Thomas has not appeared in this action and has not responded to the Complaint or the instant motion.  Thomas therefore fails to rebut Plaintiff's "presumptive right to collect on the debt." *Tineo*, 2019 WL 6828360, at *3.

Because Plaintiff establishes Thomas's liability, the Court respectfully recommends a default judgment should be entered against Thomas.

### D.  Claims Against ECB

Plaintiff also requests a default judgment against ECB, as a non-mortgagor and necessary party defendant.  (Pl. Mem., ECF No. 18-2 at 2.)  Pursuant to RPAPL, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" shall be made a party defendant to the action.  RPAPL § 1311(3); *SAC Fund II 0826, LLC v. Burnell's Enters, Inc.*, No. 18-CV-3504 (ENV)(PK), 2019 WL 5694078, at *6 (E.D.N.Y. Sept. 7, 2019), *adopted by* 2019 WL 5956526 (E.D.N.Y. Nov. 13, 2019).  Default judgments are often entered against defendants in foreclosure actions with nominal interests— such as liens against the subject property—that are subordinate to the plaintiff's interest.  *CIT Bank, N.A. v. O'Sullivan*, No. 14-CV-5966 (ADS)(AYS), 2016 WL 2732185, at *9 (E.D.N.Y. May 10, 2016); *Baez*, 2020 WL 4261130, at *3 (collecting cases).  "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *Thompson*, 2020 WL 1242828, at *5 (quoting *E. Sav. Bank, FSB v.*

*Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016), *adopted by* 2016 WL 3102021 (E.D.N.Y. June 2, 2016)) (quotation marks omitted).

"However, where a . . . city agency is named as a defendant, heightened pleading requirements apply." *Thompson*, 2020 WL 1242828, at *5 (citing RPAPL § 202-a). The complaint must set forth "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." RPAPL § 202-a(1). "Accordingly, a plaintiff must substantiate allegations that a government creditor holds a subordinate lien to the property." *ARCPE Holding*, 2021 WL 8316275, at *4 (citing *Gustavia Home, LLC v. Derby*, No. 16-CV-4260 (ENV)(SMG), 2018 WL 4956719, at *4 (E.D.N.Y. Aug. 31, 2018), *adopted by* 2018 WL 4954110 (E.D.N.Y. Oct. 12, 2018)). "Title-search documents showing amounts owed to city agencies are sufficient to meet a plaintiff's obligations under [RPAPL] Section 202-a(1)." *Baez*, 2020 WL 4261130, at *4 (citing *Miss Jones, LLC v. Brahmadutta Bisram, Y & S Dev. of NY, Inc.*, No. 16-CV-7020 (NGG)(SMG), 2018 WL 2074200, at *4 (E.D.N.Y. Feb. 5, 2018), *adopted sub nom. by Miss Jones LLC v. Bisram*, No. 16-CV-7020 (NGG)(SMG), 2018 WL 2074205 (E.D.N.Y. Feb. 22, 2018)).

Plaintiff meets § 202-a(1)'s heightened pleading standard. The Complaint alleges that ECB is an administrative tribunal of the City of New York that is a judgment creditor and has filed violations against Thomas and/or the Property. (Compl. ¶ 4.) Plaintiff also submits an ECB records search that shows 11 violations against an individual named "Ira Thomas" or variations thereof, although only two violations relate to the Property. (*See* Compl. Ex. F, ECF No. 1-1 at

42–43.)[10]  Plaintiff has therefore submitted sufficient proof as to the ECB's lien.  Accordingly, the Court respectfully recommends entry of a judgment default against the ECB.

## VI.  **DAMAGES**

"[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Bricklayers*, 779 F.3d at 189 (citations and quotation marks omitted).  "Once liability is established [on a motion for default judgment], the court must ascertain damages with 'reasonable certainty.'"  *Windward Bora LLC v. Sterling*, No. 18-CV-1727 (DRH)(SIL), 2018 WL 5839797, at *4 (E.D.N.Y. Nov. 8, 2018) ("*Sterling I*"), *adopted by* 2018 WL 6706311 (E.D.N.Y. Dec. 19, 2018) ("*Sterling II*") (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  A movant must show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded."  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992).  The Court will evaluate plaintiff's request for damages using "affidavits, documentary evidence, and evidentiary hearings."  *ARCPE Holding*, 2021 WL 8316275, at *4; *see also Transatlantic Marine Claims Agency*, 109 F.3d at 111 (rejecting district court's damages calculation when it accepted plaintiff's damages statement at face value without ensuring that the requested damages were appropriate).

Plaintiff requests total damages in the amount of $199,698.01, consisting of: (i) $187,741.15 in unpaid principal and (ii) $11,956.86 in accrued interest as of July 27, 2021.

---

[10] One of these two violations has a zero balance due and is listed as "written off" in ECB's online summons database.  *See* ECB Summons No. 041059831M, Summonses and Notices with ECB Hearings at OATH, http://a820-ecbticketfinder.nyc.gov/getViolationbyID.action (last visited Sept. 30, 2022).  "The Court takes judicial notice of this fact because it 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  *ARCPE Holding*, 2021 WL 8316275, at *4 n.9 (quoting Fed. R. Evid. 201(b)(2)).

(Weinreb Decl. Ex. C, ECF No. 18-1 ¶ 5.)  Plaintiff also seeks the appointment of a referee to sell the Property.  (*Id.* at 3.)[11]

## A.  Unpaid Principal

Plaintiff claims that the unpaid principal on the Note and Mortgage as of July 27, 2021 is $187,741.15.  (Weinreb Decl. Ex. C, ECF No. 18-6 ¶ 5.)  Plaintiff has submitted an affidavit from Yonel Devico, its sole member; counsel's affidavit; and the Modification Agreement.  (Weinreb Decl. Ex. C, ECF No. 18-1, ECF No. 18-6 at 5–13; Devico Aff., ECF No. 22-2 at 2–4.)

Plaintiff's documents substantiate the requested award of unpaid principal.  *See Windward Bora, LLC v. Chazon*, No. 19-CV-3912 (FB)(CLP), 2020 WL 1034362, at *4 (E.D.N.Y. Jan. 8, 2020), *adopted by* 2020 WL 1031532 (E.D.N.Y. Mar. 3, 2020) (relying on Plaintiff's submissions to prove award of principal balance due).  According to Devico, the outstanding unpaid principal balance as of July 27, 2021 is $187,741.15.  (Weinreb Decl. Ex. C, ECF No. 18-6 at 3 ¶ 5.)  The amortization schedule attached to the Modification Agreement shows that the balance due after February 1, 2020, the most recent date that Thomas submitted a payment on the Mortgage, was $187,741.15.  (Weinreb Decl. Ex. C, ECF No. 18-6 at 17.)  Accordingly, the Court respectfully recommends that Plaintiff should be awarded unpaid principal owed on the Mortgage in the amount of $187,741.15.

## B.  Pre-Judgment Interest

Plaintiff also seeks $11,956.86 in interest from February 1, 2020 through July 27, 2021.  (Pl. Mem. at 7.)  Pursuant to the Modification Agreement, the Note and Mortgage were subject to

---

[11] Plaintiff expressly abandons its request for attorneys' fees related to this action.  (Weinreb Decl., ECF No. 18-1 at 2 ¶ 7.)

an amended interest rate of 9% on the interest-bearing portion of the amended principal balance.[12] (Weinreb Decl. Ex. C, ECF No. 18-6 at 3 ¶ 7, 8 ¶ 3C.)  Plaintiff calculates the interest by "taking the interest-bearing principal balance (i.e. [*sic*] $89,331.06) and multiplying it by 9.00% and then dividing that number by 365 days to obtain the *per diem* interest, which, in this case, equals $22.02."  (*Id.* at 3 ¶ 7.)  According to Devico, although Thomas missed the March 1, 2020, deadline, the unpaid interest began accruing as of February 1, 2020, the date of Thomas's last payment, at the *per diem* rate of $22.02.  (*See id.*)  Plaintiff thus claims interest for the 543-day period from February 1, 2020 through July 27, 2021.  (*Id.*)

Plaintiff's calculations are only partially correct.  The requested time period includes 2020, a leap year with 366 days, which Plaintiff does not factor into its calculations.  *See Avail 1*, 2020 WL 5633869, at *7 (in mortgage foreclosure action, distinguishing between leap years and non-leap years to calculate *per diem* interest).[13]  The *per diem* interest for February 1, 2020 through December 31, 2020 ("the Leap Year Period") is calculated by multiplying the interest-bearing principal by the interest rate, and then dividing that sum by 366 days (not 365 days), yielding $21.96.  Therefore, the total interest for the Leap Year Period is $21.96 multiplied by 335 days, for a total of $7,356.60.[14]  The *per diem* interest for the remaining dates, from January 1, 2021 through July 27, 2021 ("the Non-Leap Year Period"), is $22.02, Plaintiff's calculated rate.

---

[12] The Modification Agreement states that Thomas is not required to pay interest or make monthly payments on the deferred principal balance of $98,410.09.  (Weinreb Decl. Ex. C, ECF No. 18-6 at 8 ¶ 3C.)

[13] "Courts in this District routinely allow for the amount of interest owing under a note to be calculated on a *per diem* basis, even where the note itself provides for interest calculated at an annual percentage rate."  *Windward Bora, LLC v. Castiglione*, No. 18-CV-1766 (LDH)(ST), 2019 WL 2435670, at *5 n.7 (E.D.N.Y. Jan. 10, 2019) (collecting cases).

[14] *See* Days Calculator: Days Between Two Dates, https://www.timeanddate.com (select Calculators, then Date to Date Calculator).

Therefore, the interest for the Non-Leap Year Period is $22.02 multiplied by 208 days, for a total of $4,580.16. The Court finds that the interest for the entire period from February 1, 2020 through July 27, 2021 is $11,936.76, slightly less than Plaintiff's request.

Accordingly, the Court respectfully recommends that Plaintiff should be awarded past due interest of $11,936.76.

### C. Appointment of Referee

Plaintiff requests that the Court appoint a referee to sell the Property. (Weinreb Decl., ECF No, 18-1 at 3.) "Courts in this Circuit have permitted such appointments where the plaintiff 'established a *prima facie* case by presenting a note, a mortgage, and proof of default.'" *Brown*, 2020 U.S. Dist. LEXIS 148140, at *20 (quoting *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878 (ADS)(WDW), 2014 U.S. Dist. LEXIS 55423, at *4 (E.D.N.Y. Apr. 18, 2014)); *see ARCPE Holding*, 2021 WL 8316275, at *5; *see also Windward Bora LLC v. Valente*, No. 18-CV-4302 (JS)(SIL), 2019 WL 3872853, at *4 (E.D.N.Y. July 16, 2019), *adopted by* 2019 WL 3934640 (E.D.N.Y. Aug. 6, 2019). As established, Plaintiff has satisfied this burden of proof, and, accordingly, a referee may be appointed.

Plaintiff proposes Susan Ellen Rizos, Esq. as the referee and requests a referee's fee of $750. (Proposed Judgmt., ECF No. 18-3 at 2.)[15] Plaintiff offers no information about Rizos and

---

[15] The Court has made several changes to the Proposed Judgment, including amending the year of signature and the name of the presiding district judge and correcting typos. *See Gustavia Home, LLC v. Cudjoe*, No. 16-CV-3992 (DLI)(CLP), 2019 WL 13171159, *3 & n.7 (E.D.N.Y. Dec. 11, 2019), *adopted by* Order Adopting Rep. & Recs., *Gustavia Home, LLC v. Cudjoe*, No. 16-CV-3992 (DLI) (E.D.N.Y. Mar. 4, 2020) (amending proposed judgment); *Chazon*, 2020 WL 1034362 at *5 n.7 (same); *see also* Summ. Order Denying Proposed Judgmt., *ARCPE Holding v. 9Q4U5E LLC*, No. 19-CV-6417 (DLI)(RER) (E.D.N.Y. Aug. 4, 2022), ECF No. 48 (in foreclosure action, order directing plaintiff to amend proposed judgment to be consistent with RPAPL § 1355(1), which prescribes time period for filing referee's report of sale). In this case, the Court attaches an Amended Proposed Judgment to the Report and Recommendation.

makes no arguments supporting why Rizos, rather than another referee, should be selected. (*See id.*) However, the Court's own research determines that Rizos has been appointed as referee in several mortgage foreclosure actions. *See, e.g.*, *Gustavia Home, LLC v. Krupnikova*, No. 16-CV-2104 (NGG)(RER), 2019 WL 4196035, at *2 & *2 n.1 (E.D.N.Y. June 11, 2019), *adopted as modified sub nom. by Gustavia Home, LLC v. Bd. of Managers of Oceana Condo. No. Two*, No. 16-CV-2104 (NGG)(RER), 2019 WL 4194273 (E.D.N.Y. Sept. 4, 2019) ("Ms. Rizos was designated by Plaintiff[,] and I see no basis on which to select a different referee."); *Chazon*, 2020 WL 1034362, at *5; *Cudjoe*, 2019 WL 13171159, at *3. The Court also finds $750 to be an appropriate fee for the Referee. *Windward Bora, LLC v. Brown*, No. 21-CV-03147 (KAM)(RER), 2022 WL 875100, at *5–6 (E.D.N.Y. Mar. 24, 2022) (appointing Rizos as referee at the $750 rate); *Baez*, 2020 WL 4261130, at *6 (approving a $750 referee fee and collecting cases).

Accordingly, the Court respectfully recommends that Rizos should be appointed as the referee and should be paid a fee of $750 from the proceeds of the sale of the Property.

**D. Other Costs**

Plaintiff seeks additional costs from the foreclosure and sale of the Property. Specifically, Plaintiffs requests reimbursement for "the expenses of the sale and the advertising expenses as shown on the bills presented to [the] Referee and certified by her[,]" and "any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon[.]" (Proposed Judgmt., ECF No. 18-3 at 2–3.) In granting an order of default judgment, courts are not permitted to award damages that exceed what the plaintiff requested in its complaint. *Castiglione*, 2019 WL 2435670, at *5 (citing *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 121 (E.D.N.Y. 2013)). Plaintiff did not specify the types of costs requested in its prayer for relief, but did seek "the expenses of such [foreclosure] sale." (*See* Compl. at 6.) "[T]he Court nonetheless

finds that the phrase 'the expenses of the sale' logically includes advertising expenses for the sale, and Plaintiff's other requested costs," and thus respectfully recommends finding that Plaintiff may receive this award.  *Baez*, 2020 WL 4261130, at *6 (collecting cases) (quotation marks and citation omitted).

## VII.    <u>CONCLUSION</u>

For the reasons stated above, the Court respectfully recommends that: (1) Plaintiff's motion for default judgment of foreclosure and sale should be granted and default should be entered against Defendants; (2) Plaintiff should be awarded $187,741.15 in unpaid principal and $11,936.76 in unpaid interest; (3) Susan Ellen Rizos, Esq. should be appointed as referee to effectuate the judgment of foreclosure and sale of the Property, and should be paid $750 from the proceeds of the sale; and (4) Plaintiff should be awarded from the proceeds of sale of the Property any amounts expended for taxes, assessments, water rates, sewer penalties, interest and penalties accrued, and any additional costs for the expenses of the sale and the advertising expenses, as verified through bills presented to said Referee and certified by her.  The Court further respectfully recommends entry of the Amended Judgment of Foreclosure and Sale, attached hereto as Exhibit 1.

A copy of this Report and Recommendation is being served on Plaintiff's counsel and ECB's counsel via ECF.  The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to Ira Thomas, 146-35 182nd Street, Springfield Gardens, New York 11413 and Ira Thomas, 1136 Bergen Avenue, Brooklyn, New York 11234.

Within 14 days of today, any party may serve and file objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  If a party fails to object timely

to this Report and Recommendation, it waives any right to further judicial review of this decision.

*Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
September 30, 2022

 /s/Marcia M. Henry          
MARCIA M. HENRY
United States Magistrate Judge